IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV51 |
| | ) | |
| v. | ) | |
| | ) | |
| TERRY S. SOUTHERN, or the | ) | **MEMORANDUM** |
| woman formerly known as such, and | ) | **AND ORDER** |
| TIMOTHY ELARIO, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on February 1, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

**I.     Summary of Complaint**

Plaintiff, a prisoner at the Salinas Valley State Prison in California, sues Terry S. Southern and Timothy Elario, who are both alleged to be residents of Nebraska. (Filing No. 1 at CM/ECF p. 1.) Plaintiff identifies Defendant Southern as his girlfriend of ten years and Elario as the individual to whom Southern gave Plaintiff's property. (*Id*. at CM/ECF p. 2.)

Condensed and summarized, Plaintiff's Complaint states that pursuant to a mutual agreement between Plaintiff and Southern, Southern would keep property belonging to Plaintiff while he was incarcerated. (*Id*.) Plaintiff states that on February 23, 2007, Southern mailed him a letter indicating that she no longer wanted to be his girlfriend and that she gave all of his possessions to Elario. (*Id*. at CM/ECF

1

pp. 2-3.) Plaintiff asserts that Southern did not ask Plaintiff where he would like his possessions sent. (*Id.* at 2.) Plaintiff further asserts that, while in possession of Plaintiff's property, Southern permitted numerous items of Plaintiff's to be stolen, including pieces of art done by the Plaintiff, several books, and multiple religious artifacts. (*Id.*) Plaintiff states that he has made requests to Southern in an effort to resolve this dispute, but has not received a reply. (*Id.* at 3.)

Plaintiff states that Elario accepted the property from Southern knowing that it was Plaintiff's and knowing that Plaintiff was not consulted before Southern gave Elario Plaintiff's property. (*Id.*) Plaintiff states that he has made numerous requests to Elario regarding the property, but has received little response. (*Id.* at 4.)

Plaintiff alleges that Defendants have deprived him of everything he owns, breached oral contracts, stolen his property, permitted theft, and transferred stolen property. (*Id.*)

In Plaintiff's Complaint, he requests the following in damages:

1. Plaintiff seeks $75,000.01 in actual damages as follow[s]:
2. $45,000.01 for over one hundred pieces of art done over a period of ten years by Plaintiff.
3. $10,000.00 for photographs of deceased relatives of Plaintiff which are literally the only photographs known to exist and cannot be replaced.
4. $10,000.00 for the writings of Plaintiff, which include well over twenty essays, some of which were published.
5. $10,000.00 for the religious items withheld. This includes the irreplaceable value of such items due to their value comes from use.
6. Plaintiff seeks $25,000.00 from Defendants for breach of contract and for violating Plaintiff's civil rights by interfering with his religious

>   freedom.
>   7.   Plaintiff seeks $650.00 for the books he was deprived of.  This covers over one hundred books, several of which were signed by the authors and were first editions.
>   8.   Plaintiff requests that Defendants be required to pay all costs and fees associated with this action, including attorney fees.
>   9.   Plaintiff requests any and all additional relief as determined just by this Court.

(*Id*. at 5.)

## II.   Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. §§ 1915(e) & 1915A.  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).

Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim.  *See Martin*

3

*v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### III.  Discussion of Claims

Liberally construed, Plaintiff's Complaint raises claims of breach of contract and the tort of conversion. Such claims are generally the province of the state courts. However, when the parties to an action are citizens of different states, as they are alleged to be here, a federal district courts's jurisdiction extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.' " *Larkin v. Brown*, 41 F.3d 387, 388 (8th Cir. 1994) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).[1] Here the Plaintiff has presented detailed allegations concerning his damages and alleges that they exceed the value of $75,000. The court has serious doubts concerning the validity of Plaintiff's assertions, but will not dismiss Plaintiff's claims for lack of subject-matter jurisdiction at this stage in the proceedings.[2]

---

[1] If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 188-89 (1936); *see also Federated Mut. Implement & Hardware Ins. Co. v. Steinheider*, 268 F.2d 734, 737-38 (8th Cir. 1959).

[2] It is of note that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Plaintiff claims that he had an oral agreement with Southern that she would keep his belongings while he was incarcerated, and that she broke this agreement by giving away all of his possessions to Defendant Elario. Plaintiff claims that neither party will return his possessions. Therefore, the court concludes that Plaintiff has set forth enough facts to nudge his claims against Defendants for breach of contract and the tort of conversion across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint, and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Defendants Southern and Elario for breach of contract and the tort of conversion may go forward as discussed in this Memorandum and Order.

2. To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the Court will provide. The Clerk of the Court shall send TWO (2) summons form and TWO (2) USM-285 forms (for service on Defendants Southern and Elario) to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the Court. In the absence of the forms, service of process cannot occur.

3. Upon receipt of the completed forms, the Clerk of the Court will sign the summons forms, to be forwarded with a copy of the Complaint to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the Court will copy the Complaint, and Plaintiff does not need to do so.

4. Fed. R. Civ. P. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has TWENTY (20) days after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**August 29, 2008**: Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

April 30, 2008.   BY THE COURT:

  s/ *Richard G. Kopf*
  United States District Judge