IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV51 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TERRY S. SOUTHERN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Summary Judgment. (Filing No. 31.) As set forth below, the Motion is denied, pending a determination regarding this court's subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff filed his Complaint in this matter on February 1, 2008. (Filing No. 1.) The court thereafter conducted an initial review, finding that service on Defendants could proceed. (Filing No. 9.) While the claims were allowed to proceed, the court noted that Plaintiff's claims "are generally the province of the state courts." (*Id.* at CM/ECF p. 4.) The court also registered its doubts regarding its subject matter jurisdiction, stating "[t]he court has serious doubts concerning the validity of Plaintiff's assertions, but will not dismiss Plaintiff's claims for lack of subject-matter jurisdiction at this stage in the proceedings." (*Id.*)

Plaintiff served both Defendants and, after several extensions of time, each Defendant filed an Answer. (Filing Nos. 13 and 27.) On November 17, 2008, Plaintiff filed his Motion for Summary Judgment (filing no. 31), Affidavit (filing no. 32), and Brief in Support (filing no. 33). Despite being given the opportunity to do so, Defendants did not respond to the Motion. (*See* Docket Sheet.)

## II. SUBJECT MATTER JURISDICTION

From the outset of this matter, the court has suspected that it lacks subject matter jurisdiction over Plaintiff's claims. Subject matter jurisdiction may be asserted pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.[1] For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Plaintiff is a prisoner. The domicile of a prisoner for purposes of diversity of citizenship jurisdiction is his pre-incarceration domicile. *Jones v. Hadican*, 552 F.2d 249, 249 (8th Cir. 1977). As set forth in *Jones*:

---

[1]Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Even liberally construed, Plaintiff does not bring his claims pursuant to federal question jurisdiction.

> It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. This rule was based on the notion, borrowed from conflicts of law, that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment.

*Id.* at 250-51. That a prisoner's domicile is his pre-incarceration domicile is a presumption, which may be rebutted by a prisoner showing "facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." *Id.* at 251; *see also Mugan v. McGuire Law Firm, P.C.*, No. C 06-3054-MWB, 2007 WL 1097564, *3-4 (N.D. Iowa April 12, 2007) (finding no diversity of citizenship jurisdiction where prisoner made only "unsubstantiated declarations" that his domicile was his state of incarceration and noting that the prisoner's divorce, loss of property, and official change of address with the Bureau of Prisons was not enough to rebut the presumption of pre-incarceration domicile). To be clear, a prisoner must show "truly exceptional circumstances" rather than simply a "change of address" in order to change his domicile. *Mugan*, 2007 WL 1097564 at *4.

Here, Plaintiff alleges that he "is a prisoner in the State of California," and lists his address at a California state prison. (Filing No. 1 at CM/ECF p. 1.) However, he does not make any allegations regarding his domicile. It is clear from Plaintiff's pleadings in other matters filed in this court that, prior to his incarceration in California, he was incarcerated in Nebraska. (*See* Case Nos. 4:05CV3130 and 8:08CV89.) Indeed, Plaintiff previously sought emergency relief to prevent the Nebraska Department of Correctional Services from transferring him to California because his family, including his wife, was in Nebraska. (Case No. 4:05CV3130, Filing No. 10 at CM/ECF pp. 32-33.) At that time, Plaintiff stated that transferring him to California would "halt all further interaction with [his] family." (*Id.* at

3

CM/ECF p. 56.)  In this matter, Plaintiff alleges that his girlfriend of 10 years, Defendant Southern, is domiciled in Nebraska.  (Filing No. 1 at CM/ECF pp. 1-2.) Plaintiff also alleges that large amounts of his property were, and are, located in Nebraska, and that his religious "tribe" is located in Nebraska.  (*Id.* at CM/ECF pp. 3-4; Filing No. 32 at CM/ECF p. 11.)  In light of these allegations, the court finds that there is a presumption that Plaintiff was domiciled in Nebraska prior to his incarceration in California.  However, the court will permit Plaintiff the opportunity to rebut this presumption with evidence indicating that Plaintiff had a "bona fide intention to change his domicile" to California.

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff shall have until August 24, 2009 to file sufficient evidence with the court showing that his domicile is a state other than the State of Nebraska.  The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: August 24, 2009: deadline for Plaintiff to rebut presumption of Nebraska domicile.

      2.    Plaintiff's Motion for Summary Judgment (filing no. 31) is denied without prejudice to reassertion after a determination regarding the court's subject matter jurisdiction.

July 24, 2009.                      BY THE COURT:

                                      *Richard G. Kopf*
                                      United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.