IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV51 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| TERRY S. SOUTHERN, and | ) | |
| TIMOTHY ELARIO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing No. 47.) In his Motion, Plaintiff asks the court to reconsider his Motion for Summary Judgment. For the reasons below, Plaintiff's Motion is granted.

## *I. BACKGROUND*

Plaintiff filed his Complaint in this matter on February 1, 2008, against Defendants Terry S. Southern ("Southern") and Timothy Elario ("Elario"). (Filing No. 1.) The court subsequently conducted an initial review and determined that service on Defendants could proceed. (Filing No. 9.)

After several extensions of time, Defendants Southern and Elario filed Answers to Plaintiff's Complaint. (Filing Nos. 27 and 29.) On November 17, 2008, Plaintiff filed a Motion for Summary Judgment (filing no. 31), Affidavit (filing no. 32), and Brief in Support (filing no. 33). Despite being given the opportunity to do so, Defendants did not respond to the Motion. (*See* Docket Sheet.)

On July 24, 2009, the court reviewed Plaintiff's Motion for Summary Judgment. (Filing No. 45.) The court concluded that Plaintiff's citizenship allegations failed to establish subject matter jurisdiction. (*Id*. at CM/ECF p. 4.)

Specifically, the court presumed that the parties were all citizens of Nebraska. (*Id*. at CM/ECF pp. 3-4.) However, the court permitted Plaintiff the opportunity to rebut this presumption with evidence indicating that he was a California citizen. (*Id*. at CM/ECF p. 4.) The court denied Plaintiff's Summary Judgment Motion "without prejudice to reassertion after a determination regarding the court's subject matter jurisdiction." (*Id*.)

On August 9, 2009, Plaintiff filed a Declaration in response to the court's July 24, 2009 Order. (Filing No. 46.) In this Declaration, Plaintiff asserted that prior to his incarceration he was a resident of Los Angeles County, California. (*Id*. at CM/ECF p. 1.) The Declaration contained a copy of a 1999 California Institutional Staff Recommendation Summary that named Los Angeles County, California, as Plaintiff's last county of legal residence. (*Id*. at CM/ECF p. 8.)

Two weeks after submitting his Declaration, Plaintiff filed a Motion for Reconsideration. (Filing No. 47.) In this Motion Plaintiff's asks the court to Reconsider his Summary Judgment Motion. (*Id*.)

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

On August 21, 2009, Plaintiff filed a Motion asking the court to reconsider its July 24, 2009 Order. (Filing No. 47.) In that order, the court denied Plaintiff's Motion for Summary Judgment without prejudice to reassertion because the court presumed that it lacked subject matter jurisdiction over Plaintiff's claims. (Filing No. 45.) Plaintiff has since filed a Declaration of his California citizenship in an effort to show that the court does have subject matter jurisdiction over his claims.

Subject matter jurisdiction may be asserted pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction.[1] For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where a complaint "alleges a sufficient amount in controversy to establish diversity jurisdiction, but the opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000) (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)). In addition, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Id.* (quotation omitted).

Here, Plaintiff is a prisoner. The domicile of a prisoner for purposes of diversity of citizenship jurisdiction is his pre-incarceration domicile. *Jones v. Hadican*, 552 F.2d 249, 249 (8th Cir. 1977). As set forth in *Jones*:

> It has long been held that, for purposes of determining diversity of citizenship, the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration. This rule was based on the notion, borrowed

---

[1] Subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986). Even liberally construed, Plaintiff does not bring his claims pursuant to federal question jurisdiction.

> from conflicts of law, that a change of domicile requires a voluntary act and that the domicile of a person cannot be changed by virtue of the legal and physical compulsion of imprisonment.

*Id.* at 250-51. That a prisoner's domicile is his pre-incarceration domicile is a presumption, which may be rebutted by a prisoner showing "facts sufficient to indicate a bona fide intention to change his domicile to the place of his incarceration." *Id.* at 251; *see also Mugan v. McGuire Law Firm, P.C.*, No. C 06-3054-MWB, 2007 WL 1097564, *3-4 (N.D. Iowa April 12, 2007) (finding no diversity of citizenship jurisdiction where prisoner made only "unsubstantiated declarations" that his domicile was his state of incarceration and noting that the prisoner's divorce, loss of property, and official change of address with the Bureau of Prisons was not enough to rebut the presumption of pre-incarceration domicile).

Here, Plaintiff alleges that he "is a prisoner in the State of California," and lists his address at a California state prison. (Filing No. 1 at CM/ECF p. 1.) In addition, he has submitted documents showing that he was a citizen of California prior to his incarceration. (Filing No. 46.) In light of this, the court finds that Plaintiff is a citizen of California and the court has subject matter jurisdiction over Plaintiff's claims. Accordingly, Plaintiff's Motion for Reconsideration is granted and the court will reconsider Plaintiff's Motion for Summary Judgment.

### III. RECONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The party seeking the entry of summary judgment in its favor must set forth "a separate statement of material facts as to which the moving party contends there is no genuine issue to be tried and that entitle the moving party to judgment as a matter of law." NECivR 56.1(a)(1). If the non-moving party opposes the motion, that party must "include in its [opposing] brief a concise response to the moving party's statement of material facts." NECivR 56.1(b)(1). Such response must "address each

4

numbered paragraph in the movant's statement" of facts and must contain pinpoint citations to evidence supporting the opposition. *Id.* "Properly referenced material facts in the movant's statement will be deemed admitted unless controverted by the opposing party's response." *Id.*; *see also* Fed. R. Civ. P. 56(e) ("A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.").

The court has carefully reviewed the documents submitted by both parties. Plaintiff submitted a sworn Affidavit that includes a statement of material facts. (Filing No. 32 at CM/ECF pp. 1-13.) However, Defendants have not submitted any "concise response" to those facts. Moreover, Defendants have entirely failed to respond to Plaintiff's Motion for Summary Judgment. Thus, this matter is deemed fully submitted and the undisputed material facts set forth in Plaintiff's Affidavit are "deemed admitted."

### A. Standard of Review

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). *See also* *Egan v. Wells Fargo Alarm Servs.*, 23 F.3d 1444, 1446 (8th Cir. 1994). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue. *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999). In passing upon a motion for summary judgment, the district court must view the facts in the light most favorable to the party opposing the motion. *Dancy v. Hyster Co.*, 127 F.3d 649, 652 (8th Cir. 1997).

In order to withstand a motion for summary judgment, the nonmoving party must substantiate the allegations with "'sufficient probative evidence [that] would

permit a finding in [their] favor on more than mere speculation, conjecture, or fantasy.'" *Moody v. St. Charles County*, 23 F.3d 1410, 1412 (8th Cir. 1994) (quoting *Gregory v. City of Rogers*, 974 F.2d 1006, 1010 (8th Cir. 1992)). "A mere scintilla of evidence is insufficient to avoid summary judgment." *Id.* Essentially the test is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

**B.    Analysis**

Plaintiff's Affidavit and Brief in Support of his Motion for Summary Judgment (filing nos. 32 and 33) set forth sufficient facts to establish that there is no genuine issue of material fact in this matter. Specifically, Southern, Plaintiff's former girlfriend, breached a contract[2] to keep and use Plaintiff's property while he was incarcerated by giving the property to Elario, who converted it[3]. (Filing Nos. 32 and 33.) Because Defendants failed to respond, no genuine issue of material facts has been raised; therefore, summary judgment is appropriate as to liability.

Although the undisputed facts indicate that Plaintiff suffered damages in this matter, the amount of those damages is uncertain. Nebraska law provides that:

---

[2] "Under Nebraska law, to recover for breach of express contract, 'the plaintiff must plead and prove the existence of a promise, its breach, damage, and compliance with any conditions precedent that activate the defendant's duty.'" *168th and Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 950 (8th Cir. 2007) (quoting *Phipps v. Skyview Farms, Inc.*, 259 Neb. 492, 610 N.W.2d 723, 730 (2000)).

[3] "Conversion under Nebraska law is 'any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.'" *In re Wal-Mart Wage & Hour Employment Practices Litigation*, 490 F.Supp.2d 1091, 1113 (D. Nev. 2007) (quoting *Allen v. Dealer Assistance, Inc.*, 207 Neb. 455, 299 N.W.2d 744, 747 (1980)).

while damages need not be proved with mathematical certainty, neither can they be established by evidence which is speculative and conjectural. Uncertainty as to the fact of whether damages were sustained at all is fatal to recovery, but uncertainty as to the amount is not if the evidence furnishes a reasonably certain factual basis for computation of the probable loss.

*Sack Bros. v. Tri-Valley Co-op., Inc.*, 260 Neb. 312, 325, 616 N.W.2d 786, 795 (Neb. 2000).

Here, Plaintiff seeks $75,000.01 for property that was withheld or given to Elario. (Filing No.1 at CM/ECF p. 5.) Plaintiff provides a list of this property in a sworn affidavit, but does not provide further proof of its value. (Filing No. 32 at CM/ECF pp. 2-31.) In fact, he only states that he "believe[s]" that the property and the loss of its use entitle him to "monetary damages well in excess of $75,000.00." (*Id*. at CM/ECF p. 12.) In short, Plaintiff's evidence does not provide the court with a reasonably certain factual basis to compute his probable loss. However, on its own motion, the court will permit Plaintiff an additional 30 days to supplement the record with sufficient evidence to compute his damages. If Plaintiff fails to supplement the record in accordance with this Memorandum and Order and our local rules of practice, the court will enter judgment for nominal damages only. In the interests of justice, Defendants will be given an opportunity to respond even though they have not submitted any opposition to the motion.

IT IS THEREFORE ORDERED that:

1.  Plaintiff's Motion for Reconsideration (filing no. 47) is granted and summary judgment in favor of the plaintiff and against the defendants on the issue of liability is herewith entered.

2.  Plaintiff shall have until **November 27, 2009**, to supplement the record

in accordance with this Memorandum and Order and our local rules with sufficient evidence to compute his damages. The defendants may respond no later than December 28, 2009.

3. If Plaintiff fails to supplement the record in accordance with this Memorandum and Order and our local rules by **November 27, 2009**, the court will enter judgment for nominal damages only.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for supplement on **November 27, 2009**.

October 28, 2009.                       BY THE COURT:

                                         *Richard G. Kopf*
                                         United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

8