IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | |
| | ) | 8:08CV51 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TERRY S. SOUTHERN, and | ) | **AND ORDER** |
| TIMOTHY ELARIO, | ) | |
| | ) | |
| Defendants. | ) | |

   Plaintiff, a California prisoner, sued Defendants, who are presumed to be residents of Nebraska. I determined that diversity jurisdiction exits. After Defendants failed to respond, I granted summary judgment for Plaintiff on the question of liability. Under Nebraska law, and based upon Plaintiff's evidence, I decided that Southern, Plaintiff's former girlfriend, breached a contract to keep and use Plaintiff's property while he was incarcerated by giving the property to Elario, who converted it. (Filing 48 at CM/ECF pp. 6-7.)

   Because Plaintiff's evidence on the quantum of damages was speculative, I offered Plaintiff the opportunity to supplement the record. (*Id*. at CM/ECF p. 8.) I cautioned Plaintiff that he must provide a "'reasonably certain factual basis for computation of the probable loss.'" (*Id.*) (citation omitted.) Plaintiff has now responded. (Filing 51 (Plaintiff's Declaration and Memorandum of Points and Authorities) and filing 52 (Plaintiff's Index of Evidence).) Ultimately, he seeks $117,595.77 in damages. (Filing 51 at CM/ECF p. 17.)

   Despite the additional submission, Plaintiff has failed to give me a sufficient and non-speculative basis to support the amount of his damages. A few examples will suffice to illustrate this point. His assertions that the art work he personally created is worth $15,000 or that his stamp collections are worth $3,300 arise out of thin air.

(*Id*. at CM/ECF pp. 15-16.)  Still further, Plaintiff's claim that work boots purchased 19 years ago are worth $115 (*id*. at CM/ECF. p. 15) is patently frivolous. Moreover, Plaintiff's declaration that he is entitled to recover $85,000.01 (*id*. at CM/ECF. P. 17.) due to his inability to use the converted property falls of its own weight and that is particularly true given that Plaintiff is now, and has been, in prison.

Thus, and while I have granted summary judgment on the basis of liability, I cannot grant summary judgment for damages.  The factual predicate for any particular amount of damages is entirely lacking.  Since Plaintiff is proceeding pro se, and because he is in prison, I cannot schedule a trial on damages.  Accordingly, I shall stay this case until Plaintiff advises me that he has been released from prison and able to try the damage question.

    IT IS ORDERED that:

1. Plaintiff's Motion for Summary Judgment (filing 31), to the extent it asserts a claim for damages, is denied.

2. Plaintiff's Motion to Appoint Counsel or an Investigator (filing 49) is denied.

3. Further progression of this case is stayed until Plaintiff advises me that he has been released from prison and he is able to try the damage question.

4. The Clerk shall close this case for statistical purposes.

December 4, 2009.                          BY THE COURT:

                                                    *Richard G. Kopf*
                                            United States District Judge

---

    *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.