IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | 8:08CV51 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TERRY S. SOUTHERN, and | ) | |
| TIMOTHY ELARIO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion for Reconsideration. (Filing No. 60.) In his Motion, Plaintiff asks the court to reconsider its December 4, 2009, Memorandum and Order. (*Id*.) In that Memorandum and Order, the court granted summary judgment in favor of Plaintiff on the basis of liability. (Filing No. 53 at CM/ECF p. 2.) However, the court could not grant summary judgment for damages because the factual predicate for any amount of damages was lacking. (*Id*. at CM/ECF p. 2.) Further, because Plaintiff was proceeding pro se, and because he was incarcerated in California, the court declined to schedule a trial on damages. (*Id*.) The court stayed this matter until Plaintiff was released from prison and able to try the damages question. (*Id*.)

Plaintiff asks the court to reconsider its stay Order because he has been sentenced to a prison term of 15 years to life and his release is not a certainty. (Filing No. 60 at CM/ECF p. 1.) Plaintiff argues that the court's stay is unreasonable because it could delay the administration of justice for an indefinite period of time. (*Id*.)

The court has carefully considered Plaintiff's Motion and notes that a stay order should not unreasonably delay a plaintiff's right to have his or her case heard. *Lunde v. Helms, 898 F.2d. 1343, 1345 (8th Cir. 1990)*. Due to the indefinite nature

of Plaintiff's prison term, the court will reconsider its December 4, 2009, Memorandum and Order.  Specifically, the court will stay this matter until Plaintiff informs the court that he has been released from prison and is able to try the damages issue or until March 5, 2012, whichever occurs first.  If Plaintiff has not been released from prison by March 5, 2012, he may file a motion by April 5, 2012, requesting that the court address the damages issue.  If Plaintiff files such a motion he shall explain the circumstances of his confinement and why he could not try the damages issue sooner.  If Plaintiff fails to file such a motion the court may dismiss this case without further notice.

Also pending is Plaintiff's Notice of Appeal of the court's January 14, 2010, Memorandum and Order.  (Filing No. 61.)  Because the court has not entered a final judgment in this matter, it liberally construes Plaintiff's Notice of Appeal as a Motion for Interlocutory Appeal.  As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b).

Here, no such "controlling question of law" is implicated.  The court's January 14, 2010, Memorandum and Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion.  Therefore, there is no reason why the present appeal should proceed prior to the entry of a final judgment. For these reasons, Plaintiff's Notice of Appeal, construed as a Motion for Interlocutory Appeal, is denied.

IT IS THEREFORE ORDERED that:

1.      Plaintiff's Motion for Reconsideration (filing no. 60) is granted.

2.      This matter shall be stayed until Plaintiff informs the court that he has been released from prison and is able to try the damages issue or until March 5, 2012, whichever occurs first.  If Plaintiff has not been released from prison by March 5, 2012, he may file a motion by April 5, 2012, requesting that the court address the damages issue.  If Plaintiff files such a motion he shall explain the circumstances of his confinement and why he could not try the damages issue sooner.  If Plaintiff fails to file such a motion the court may dismiss this case without further notice.

3.      Plaintiff's Notice of Appeal (filing no. 61), construed as a Motion for Interlocutory Appeal, is denied.

DATED this 10th day of March, 2010.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.