IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| STRIDER ROGNIRHAR, | ) | |
| | ) | |
| Plaintiff, | ) | 8:08CV51 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| TERRY S. SOUTHERN, or the | ) | **AND ORDER** |
| woman formerly known as such, and | ) | |
| TIMOTHY ELARIO, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The question of whether this court has subject matter jurisdiction over this matter has been a source of continuing debate since this case was filed.[1] As recounted several times in previous orders, Plaintiff is relying on diversity of citizenship jurisdiction, which requires that (1) the citizenship of each plaintiff is different from the citizenship of each defendant and (2) the amount in controversy is greater than $75,000. (Filings 9, 45, 48.)

---

[1] See Filing 9 (court doubting existence of subject matter jurisdiction, but not dismissing case upon initial review); Filing 45 (for purposes of diversity of citizenship jurisdiction, presumption exists that prisoner's domicile is his pre-incarceration domicile, but prisoner can rebut presumption by showing a bona fide intention to change his domicile to place of incarceration; here, there is presumption that Plaintiff was domiciled in Nebraska prior to incarceration in California, but court will permit Plaintiff opportunity to rebut presumption with evidence that Plaintiff had bona fide intention to change domicile to California); Filings 46 & 47 (court and prison records submitted by Plaintiff showing he was convicted in California and he represented to prison officials that Los Angeles was his last legal residence before his conviction); Filing 48 (after review of records submitted by Plaintiff, court decides Plaintiff is citizen of California and court has subject matter jurisdiction).

Regarding the issue of citizenship, I first presumed that Plaintiff was domiciled in Nebraska prior to his imprisonment in California based on pleadings Plaintiff had submitted in other cases in this court which indicated that Plaintiff was incarcerated in Nebraska when those suits were filed and that his family, property, and religious "tribe" were all located in Nebraska. (Filing 45.) However, I then gave Plaintiff an opportunity to rebut that presumption, considered State of California court and prison documents filed by Plaintiff, and determined that Plaintiff was a citizen of California prior to his 1995 incarceration, making California Plaintiff's domicile for purposes of determining diversity of citizenship. (Filings 46 & 48.) Because the defendants were citizens of Nebraska, I decided there was complete diversity between the parties. As far as the amount in controversy, I determined that Plaintiff satisfactorily alleged that his damages exceeded $75,000 and concluded that this court had subject matter jurisdiction. (Filing 48.)

In the absence of responses by either defendant to Plaintiff's motion for summary judgment (filing 31), I then granted summary judgment in favor of Plaintiff on the question of liability only, finding that defendant Terry S. Southern, Plaintiff's former girlfriend, breached a contract to keep and use Plaintiff's property while he was incarcerated by giving the property to defendant Timothy Elario, who converted it. (Filing 48.) Because Plaintiff had only provided a list of property in a sworn affidavit without proof of its value (filing 32), I gave Plaintiff time to provide evidence which would establish a "reasonably certain factual basis to compute his probable loss." (Filing 48 at CM/ECF p. 7.)

Plaintiff filed a declaration under the penalty of perjury (filing 51) listing the "market value" of each item of property lost as a result of the breach of contract and conversion and requesting a total of $117,595.77—$32,145.76 in property, $450.00 in litigation costs, and $85,000.01 for loss of use of the property. Plaintiff also filed an index of exhibits under the penalty of perjury (filing 52) containing copies of non-

2

sequential and mostly undated[2] pages from four alleged catalogs which supposedly describe some of the items Plaintiff claims to have lost due to Defendants' actions, as well as the prices of those items.

After reviewing Plaintiff's submissions, I decided that "Plaintiff has failed to give me a sufficient and non-speculative basis to support the amount of his damages," noting that "[h]is assertions that the art work he personally created is worth $15,000 or that his stamp collections are worth $3,300 arise out of thin air"; Plaintiff's claim that "work boots purchased 19 years ago are worth $115 . . . is patently frivolous"; and Plaintiff's assertion that he should recover $85,000.01 for loss of use "falls of its own weight," particularly since Plaintiff is, and has been, in prison. (Filing 53 at CM/ECF pp. 1-2.) Because the "factual predicate for any particular amount of damages" was "entirely lacking," I stayed the case until Plaintiff was released from prison and was able to try the damages question. (Filing 53 at CM/ECF p. 2.)

Plaintiff then advised the court that his request for parole had recently been denied, that he would not be released from prison for at least another seven years, and that the court should proceed to decide the damages issue. (Filing 64 at CM/ECF p. 2.) I then gave the parties a final opportunity to address the issue of damages. (Filing 66.) They have done so. (Filings 71 & 86.)

In addition, defendant Elario has filed a motion to dismiss for lack of subject matter jurisdiction (filing 85) pursuant to Fed. R. Civ. P. 12(h)(3). Elario contends that several filings from Nebraska court proceedings establish that Plaintiff's domicile

---

[2]There are a few dated pages in Plaintiffs' submissions. The cover page of the first catalog states: "Items and prices in effect until December 31, 2009." (Filing 52 at CM/ECF p. 3.) The last page of the second catalog says: "Winter—2009 Catalog Prices." (Filing 52 at CM/ECF p. 42.) The first page of the third catalog contains the words "March 2009." (Filing 52 at CM/ECF p. 43.) However, the pages following the cover pages are not dated, sequential, or complete, and may or may not be part of the same catalog.

is actually Nebraska, and that Plaintiff's actual claim of damages is well below the statutory threshold of $75,000.01, thus destroying this court's subject matter jurisdiction. 28 U.S.C. § 1332 (district courts have original jurisdiction of civil actions where matter in controversy exceeds $75,000 and is between citizens of different states).

Despite the fact that summary judgment on the issue of liability has already been granted in Plaintiff's favor (filing 48), I am bound to consider this court's potential lack of subject matter jurisdiction at *any* time, whether raised by a party or by the court *sua sponte*, and to dismiss this case if jurisdiction is indeed lacking. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

> [I]n keeping with the policy set forth in Rule 12(h)(3) of preserving the defense throughout the action, it has long been well-established that the court's lack of subject matter jurisdiction may be asserted at any time by any interested party, either in the answer or in the form of a suggestion to the court prior to final judgment. After final judgment a lack of subject matter jurisdiction may be interposed as a motion for relief from the judgment under Rule 60(b)(4).
>
> Also, because of the fundamental and systemic nature of the defense, and its centrality to basic principles of judicial federalism, lack of subject matter jurisdiction may be asserted at any time by the court, sua sponte, either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. Indeed, the appellate court has an obligation to satisfy itself as to both its own jurisdiction and that of the district court. Even the Supreme Court must police subject matter jurisdiction on its own initiative.

5B *Federal Practice & Procedure Civil* § 1350 (3d ed. Westlaw 2013) (footnotes omitted). *See also Kontrick v. Ryan,* 540 U.S. 443, 455 (2004) (litigants generally may raise lack of subject matter jurisdiction at any time, even initially at the highest appellate level); *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir. 1993)

("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court *sua sponte*.").

### A. Amount in Controversy

The Eighth Circuit has held that "a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938)). If the defendant challenges the plaintiff's allegations of the amount in controversy, then the plaintiff must establish jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936); *see also* Trimble v. Asarco, Inc., 232 F.3d 946, 959-60 (8th Cir. 2000) (*abrogated on other grounds by* Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005)); Federated Mut. Implement &Hardware Ins. Co. v. Steinheider, 268 F.2d 734, 737-38 (8th Cir. 1959).

Here, defendant Elario has challenged the amount in controversy which, according to Plaintiff's declaration, is $32,145.76 in property value, $450.00 in litigation costs, and $85,000.01 for loss of use of his property. (Filing 51 at CM/ECF p. 17; Filing 85, at CM/ECF pp. 17-21.) Therefore, "the plaintiff bears the initial burden of showing that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount; [the plaintiff] must do so with competent proof." 14AA Charles Alan Wright, et al., *Federal Practice & Procedure* § 3702.2 (4th ed. Westlaw 2013). Evidence which is "vague and speculative is not competent proof." United States v. Iron Hawk, 612 F.3d 1031, 1040 (8th Cir. 2010) (citing United States v. King, 572 F.2d 1274, 1275 n.4 (8th Cir. 1978)).

In Nebraska, the measure of damages for conversion and breach of contract is the fair market value of the property at the time and place of the conversion/breach.

5

1 Neb. Prac., NJI2d Civ. 4.27 & 4.48 (2012-2013 ed. Westlaw).  Further, Nebraska case law indicates that in order to establish loss-of-use damages, a plaintiff must present evidence that the plaintiff would have used the property but for the defendant's wrongful conversion of the property.  *See Allemang v. Kearney Farm Center, Inc.*, 554 N.W.2d 785, 789 (Neb. 1996) (trial court was not "clearly wrong" in finding that plaintiff failed to prove loss-of-use damages for unlawfully detained farm equipment because plaintiff "failed to show that he would have used it but for [the defendant's] wrongful detention" and "admitted that he sustained no personal income loss as a result of not having the equipment").  A successful plaintiff in a replevin action under Nebraska law should recover "all damages which he has *actually* sustained by reason of the unlawful detention of the property in controversy." *Id*. (internal quotation marks and citation omitted; emphasis added).  Where such loss-of-use damages are not shown, "damages for wrongful detention are limited to the extent of interest on the value of the property during the time it was wrongfully detained." *Id*.

Even assuming Plaintiff has established by "competent" evidence (filing 52)[3] property loss in the amount of $32,145.76, this is well below the statutory "amount in controversy" threshold of $75,000 in 28 U.S.C. § 1332.  Further, the $75,000 requirement is "exclusive of interest and costs," so the Plaintiff's claimed $450.00 in litigation costs cannot be considered.

Regarding Plaintiff's claimed $85,000.01 in loss of use of his property, Plaintiff

---

[3]This is a large assumption, considering that Plaintiff has submitted photocopies of non-sequential and undated pages from four alleged catalogs which supposedly describe the market value of some of the items Plaintiff claims to have lost.  *See* n.2 *supra*.  With regard to other alleged lost property, Plaintiff has not filed evidence establishing the value of work boots purchased in 1996 claimed to be worth $115.00; "original art" created by Plaintiff supposedly valued at $15,000; the existence of documents necessary to claim an inheritance of $10,000; and the value of a stamp collection.  (Filing 51.)

has failed to present evidence that he would have used the property but for the defendant's wrongful conversion because from the time this lawsuit was initiated, Plaintiff has been incarcerated, and will be for the foreseeable future. *See Allemang, 554 N.W.2d at 789*. Thus, Plaintiff's loss-of-use damages would amount to no more than "interest on the value of the property during the time it was wrongfully detained," *id.*, and interest cannot be considered in calculating the amount in controversy for purposes of 28 U.S.C. § 1332.

Therefore, it appears to a legal certainty that Plaintiff's claim is for substantially less than the $75,000 jurisdictional amount, and this case must be dismissed for lack of subject matter jurisdiction. *Larkin*, 41 F.3d at 388. *See also Kessler v. National Enterprises, Inc.*, 347 F.3d 1076, 1078 (8th Cir. 2003) ("if it develops that the requisite amount in controversy was never present, even if that fact is not established until the case is on appeal, the judgment of the District Court cannot stand" (internal quotation marks and citation omitted)).

### B. Diversity of Citizenship

Because this matter must be dismissed for lack of subject matter jurisdiction based on the amount in controversy, I need not address the portion of Defendant's motion dealing with Plaintiff's citizenship.

Accordingly,

IT IS ORDERED:

1. The motion to dismiss for lack of subject matter jurisdiction (filing 85) filed by defendant Timothy Elario is granted;

2. This case is dismissed without prejudice for lack of subject matter jurisdiction under 28 U.S.C. § 1332;

      3.      The remaining pending "objections" and motions (filings 87, 88, 92, 94, 95) are denied as moot;

      4.      Judgment shall be entered by separate document.

DATED this 23rd day of May, 2013.

                             BY THE COURT:
                             *Richard G. Kopf*
                             Senior United States District Judge

---

      *This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.